

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00029-CR

---

BRODERICK MAXIMILLIAN MCHENRY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 16-0281X

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Broderick Maximillian McHenry entered an open plea of guilty to aggravated robbery with a deadly weapon. After a punishment hearing, the trial court sentenced McHenry to sixty years' incarceration. McHenry appeals.

McHenry's first attorney on appeal filed a brief which stated that he had reviewed the record and had found no genuinely arguable issues that could be raised. The brief set out the procedural history of the case and summarized the evidence elicited during the course of the trial proceeding. Relying on *Anders v. California*, counsel provided an evaluation of the record and concluded that there were no arguable grounds to be advanced on appeal. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Our independent investigation of the record in this case, as required by the Texas Court of Criminal Appeals in *Stafford*, 813 S.W.2d at 511, showed that McHenry filed an "application for probation," "[i]n the event that the punishment assessed [did] not exceed 10 years in the Texas Department of Corrections." When the application was referenced at the plea hearing, the prosecutor correctly informed the trial court that McHenry was not eligible for judge-ordered community supervision as a result of the nature of his offense by stating, "Actually, he's ineligible for probation." *See* TEX. CODE CRIM. PROC. ANN. § 42A.054(a)(11), (b)(1) (Supp.) (limiting judge-ordered community supervision when a defendant is found guilty of either aggravated robbery or any offense committed while a deadly weapon was used or exhibited). At that point in

2

the trial court proceeding, McHenry's counsel did not argue the point, and the trial court made no finding on McHenry's eligibility for judge-ordered community supervision. Instead, in confirming McHenry's jury trial waiver and taking his plea, the trial court asked, "Is it your wish for me to make the determination as to whether you committed the offense . . . *and if you're found guilty*, then for me to assess the punishment?" (Emphasis added). McHenry replied, "Yes, sir," and entered his guilty plea. During sentencing, McHenry prayed for "probation," and his counsel argued at closing that McHenry was eligible because he had never previously been convicted of a felony offense.

McHenry was eligible for jury-recommended community supervision, not judge-ordered community supervision. *Compare* TEX. CODE CRIM. PROC. ANN. art. 42A.056 (Supp.) *with* TEX. CODE CRIM. PROC. ANN. art. § 42A.054. As a result of this finding, we abated the case for the appointment of new counsel and requested briefing on the following issues: (1) whether McHenry's waiver of the right to a jury trial and plea of guilt were intelligently made in light of representations that he was eligible for judge-ordered community supervision and (2) whether counsel rendered ineffective assistance in advising McHenry he was eligible for judge-ordered community supervision.

McHenry's newly-appointed appellate counsel also filed an *Anders* brief and a motion with this Court seeking to withdraw as counsel in this appeal. McHenry's counsel argues that it was possible that trial counsel was referencing deferred adjudication community supervision when using the term "probation" even though (1) the application for "probation" contemplated a finding of guilt and sentence not exceeding ten years' imprisonment, (2) the trial court confirmed, prior to

3

accepting his jury trial waiver and plea, that it was McHenry's wish to be placed on community supervision in the event the trial court found him guilty, (3) no one mentioned the possibility of deferred adjudication community supervision, and (4) nothing showed that the trial court actually considered deferred adjudication community supervision.

On this record, which is silent as to counsel's trial strategy, we cannot say McHenry was not advised about the possibility of deferred adjudication community supervision. Instead, since the trial court did not make a finding of guilt until after the sentencing hearing and counsel argued that McHenry was eligible for "probation," we must, in this direct appeal, assume (1) that McHenry gave up his right to a jury trial and a jury's consideration of community supervision in favor of receiving deferred adjudication and (2) that the trial court knew McHenry was not eligible for judge-ordered community supervision and, therefore, understood counsel to be arguing for deferred adjudication community supervision. Without further development of the record, which is not possible on direct appeal, we conclude that the issues of ineffective assistance or whether McHenry's waiver of the right to a jury trial and plea of guilt were intelligently made in light of representations that he was eligible for judge-ordered community supervision are not cognizable on direct appeal.

Moving on to new counsel's *Anders* brief, we note that, on December 11, 2019, counsel mailed to McHenry a copy of the brief, the motion to withdraw, and the appellate record. McHenry was informed of his right to review the record and file a pro se response. On December 11, 2019, this Court informed McHenry that his pro se brief was due on or before January 13, 2020. On

4

January 24, 2020, we further informed McHenry that the case would be set for submission on the briefs on February 14, 2020. We did not receive a pro se response from McHenry.

We have determined that this direct appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no other arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the direct appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]


Ralph K. Burgess
Justice


Date Submitted:     February 14, 2020
Date Decided:       February 20, 2020

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.